**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl Eller, et al., | No. CV-13-01883-PHX-JAT |
|             Plaintiffs, | **ORDER** |
| v. | |
| UBS AG, et al., | |
|             Defendants. | |

Defendant UBS AG ("UBS"), the only remaining defendant in this case, moved to dismiss this case for, *inter alia*, lack of personal jurisdiction. (Doc. 33). In its opposition to UBS's motion, Plaintiffs argued that this Court has personal jurisdiction over UBS, but requested, in the alternative, discovery on the issue. (Doc. 45). After the motion was fully briefed, the Court heard oral argument, during which Plaintiffs renewed their request for jurisdictional discovery in the event that the Court is inclined to dismiss the case. The Court now rules on this request, but does not accept Plaintiffs' suggested condition, "in the event that the Court is inclined to dismiss the case." The Court will grant the request because it is satisfied such is required by law, as explained below; however, it is troubling that Plaintiffs did not initiate this discovery request until the matter was nearly fully briefed. It would have been preferable for Plaintiffs to make an earlier motion, before the parties and the Court had expended considerable time on the matter.

The trial court is vested with broad discretion in granting jurisdictional discovery. *Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977).

Jurisdictional discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (quoting *Kilpatrick v. Texas & P. Ry.*, 72 F. Supp. 635, 638 (S.D.N.Y. 1947)). Refusal to grant discovery is appropriate, however "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *id.* (citing *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)), or when a plaintiff requests materials "unrelated to the facts central to the jurisdictional issues." *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 800–01 (9th Cir. 1989).

In order to be entitled to jurisdictional discovery, however, a plaintiff must do more than speculate as to the evidence he or she might obtain. Thus, the Ninth Circuit has upheld district courts' refusals to grant jurisdictional discovery where the plaintiffs have had "little more than a hunch that it might yield jurisdictionally relevant facts" and where the plaintiffs have "state[d] only that they 'believe' discovery will enable them to demonstrate sufficient . . . business contacts to establish the court's personal jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)); *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." (quoting *Terracom v. Valley Nat. Bank,* 49 F.3d 555, 562 (9th Cir.1995)).

In light of these principles, the Court finds that Plaintiffs have shown discovery is appropriate for the limited issue of whether UBS maintained an agency relationship with Quellos or PricewaterhouseCooper ("PwC"). This is clearly a relevant jurisdictional question, *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994); *Wells Fargo & Co.*, 556 F.2d at 430 n.24, and it is contested by the parties. While Plaintiffs' evidence that UBS, Quellos, and PwC had a business relationship demonstrates that Plaintiffs' discovery request is premised on more than a "hunch" or a mere "belief" that

1  they will obtain helpful material through discovery, "a more satisfactory showing of the
2  facts is necessary." *See Wells Fargo & Co.*, 556 F.2d at 430 n.24.

3  Agency, however, is the *only* question Plaintiffs can reasonably expect to answer
4  with jurisdictional discovery. Plaintiffs' briefs, oral argument, and evidentiary
5  submissions demonstrate no reason to believe that discovery will shine any more light on
6  the contacts UBS itself created in Arizona. The Court will therefore allow jurisdictional
7  discovery and supplemental briefing, strictly on the subject of UBS's alleged use of
8  agents to create suit-related contacts in Arizona.

9  Because Plaintiffs' have failed to be specific about what material they hope to
10 obtain through discovery, the amount of discovery necessary under the circumstances is
11 left to the Court's discretion. The parties are also reminded that it is the practice of this
12 Court to not extend the Dispositive Motion Deadline beyond the two-year anniversary of
13 the case being filed in or removed to Federal Court, nor to allow the Discovery Cut-Off
14 to extend beyond 30 days before the Dispositive Motion Deadline. Thus, the Court has
15 prescribed the scope of jurisdictional discovery as follows:

16 **IT IS ORDERED** that the parties may conduct jurisdictional discovery regarding
17 **only** UBS's agency relationship with Quellos and PwC.

18 **IT IS FURTHER ORDERED** that the parties shall be limited to fifteen (15)
19 interrogatories, including all discrete subparts; one (1) request for production, to include
20 no more than thirty (30) discrete documents; and five (5) depositions.

21 **IT IS FURTHER ORDERED** that the parties must propound their discovery
22 requests by November 7, 2014. The Court will not grant any extensions.

23 **IT IS FURTHER ORDERED** that the parties shall have no more than fourteen
24 (14) days to respond to discovery requests. The Court will not grant any extensions.

25 **IT IS FURTHER ORDERED** that any depositions must be taken by December
26 19, 2014. The Court will not grant any extensions.

27 **IT IS FURTHER ORDERED that discovery motions are prohibited**. <u>In the
28 event of a discovery dispute, the parties shall jointly contact the Court via conference call</u>

1  to request a telephonic conference. The parties shall not contact the Court regarding a
2  discovery dispute unless they have been unable to resolve the dispute themselves after
3  personal consultation and sincere efforts to do so, **and they are prepared to state to the**
4  **court that they agree what is in dispute.** The parties shall not file any written materials
5  related to a discovery dispute without express leave of Court. If the Court does order
6  written submissions, the movant shall include a statement certifying that counsel could
7  not satisfactorily resolve the matter after personal consultation and sincere efforts to do
8  so in accordance with Civil Local Rule 7.2(j).

9  **IT IS FURTHER ORDERED** that Plaintiffs shall file supplemental briefing on
10 personal jurisdiction by January 2, 2015, and Defendant shall file its supplemental
11 response by January 16, 2015. Neither brief shall exceed ten (10) pages. The Court will
12 not grant any extensions of time or requests for additional briefing.

13 Dated this 28th day of October, 2014.

James A. Teilborg
Senior United States District Judge